**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| SHAUN MACHIPINESS, | Civil No. 21-1668 (JRT/ECW) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| B. BIRKHOLZ, *Warden of Federal Prison Camp Duluth*, AND MICHAEL CARVAJAL, *Director OF THE Federal Bureau of Prisons, in their official capacities*, | |
| Respondents. | |

---

Shaun Machipiness, Reg. No. 13242-059, FPC-Duluth P.O. Box 1000 Duluth, MN 55021, *pro se* petitioner;

Ana H. Voss and Chad A. Blumenfield, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for respondents.

Petitioner Shaun Machipiness petitions the Court for a writ of habeas corpus, alleging that his constitutional rights were violated when the Bureau of Prisons ("BOP") refused to transfer him to home confinement.  The Magistrate Judge reviewed the merits of the petition and issued a report and recommendation ("R&R") recommending that the petition be denied with prejudice.  Machipiness objects to the Magistrate Judge's recommendation, asserting that his petition should be dismissed without prejudice. Because it is improper to use a writ of habeas corpus to obtain review of the conditions of confinement, the Court will overrule the objection and adopt the R&R.

## BACKGROUND

The Court adopts in full the factual background provided in the R&R.  (R&R, Dec. 6, 2021, Docket No. 13.)  In brief, Machipiness pled guilty to one count of conspiring to possess methamphetamine in the U.S. District Court for the District of North Dakota. (*United States v. Machipiness*, No. 15-cr-0062, Plea Agreement at 2, 11, Sep. 14, 2015, Docket No. 13.)  In December 2015, he was sentenced to 192 months in prison and is projected to be released in March 2028.  (*United States v. Machipiness*, 15-cr-0062, Sentencing J. at 2, Dec. 3, 2015, Docket No. 23); Federal Inmate Locator, *available at* https://www.bop.gov/inmateloc (last accessed Feb. 28, 2022).  Machipiness petitions for habeas relief alleging that the BOP violated his constitutional and statutory rights by refusing his request to serve the remainder of his sentence in home confinement. (Amend. Pet. Habeas Corpus, at 10, Nov. 05, 2021, Docket No. 11.)  The Magistrate Judge recommended that the petition be dismissed with prejudice.  (R&R at 15.)[1]

The Magistrate Judge found that Machipiness failed to allege: (1) an equal protection claim because Machipiness was not treated differently than others in similar situations; (2) an abuse of discretion claim because the Eighth Circuit has held that federal courts lack jurisdiction to review the BOP's decisions regarding placement of prisoners;

---

[1] The Magistrate Judge recommended dismissing Machipiness's petition without prejudice to the extent that the Court lacked jurisdiction to review the BOP's decision not to place Machipiness in home confinement.  (R&R at 15.)  However as to the merits of the petition, the Magistrate Judge recommended dismissing with prejudice.  (*Id.*)

and (3) any statutory violations.  (R&R at 11, 12–13, 14.)  Machipiness filed a motion to vacate the R&R requesting that he be permitted to amend his petition or, in the alternative, that his petition be dismissed without prejudice so he could refile and correct the errors the Magistrate Judge identified.

## DISCUSSION

### I.  STANDARD OF REVIEW

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. Local R. 72.2(b)(1).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. Local R. 72.2(b)(3).

Pleadings submitted by pro se litigants are to be liberally construed and must be held to a less stringent standard than formal pleadings drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, pro se litigants are not excused from failing to comply with substantive or procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

### II.  ANALYSIS

The Eighth Circuit Court of Appeals has held that it is improper to utilize a writ of habeas corpus to obtain review of the conditions of confinement.  *Spencer v. Haynes*, 774 F.3d 467, 470 (8th Cir. 2014) (holding that the only valid use of a writ of habeas corpus is

to challenge the validity of one's conviction or the length of one's detention).  Here,

Machipiness does not challenge the validity of his conviction or length of his sentence.

Instead, he challenges the BOP's failure to transfer him to home confinement.  He does

not contend that his sentence should be shortened, only that he be allowed to serve the

sentence at home.  Thus he challenges the condition of his confinement, which he cannot

do in this type of action.  Therefore, the Court will dismiss Machipiness's petition with

prejudice.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, IT IS

HEREBY ORDERED that:

1. Petitioner's Objections to the R&R [Docket No. 14] are **OVERRULED**

2. The R&R [Docket No. 13] is **ADOPTED**

3. Petitioner's Amended Writ of Habeas Corpus [Docket No. 11] is **DISMISSED**

   **WITH PREJUDICE.**

   **LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  April 29, 2022
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
Chief Judge
United States District Court